Peter M. de Jonge, Utah Bar No. 7,185
Jed H. Hansen, Utah Bar No. 10,679
**THORPE NORTH & WESTERN, L.L.P.**
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Plaintiff,*
*Optimally Organic, Inc.*

---

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OPTIMALLY ORGANIC, INC. a Wyoming corporation, | Case No. _____ |
| Plaintiff, | **COMPLAINT**<br>**WITH JURY DEMAND** |
| vs. | |
| STEVE MASON, an individual residing in California; ED GORSKI, an individual residing in California; and LIVE PINE, a California company, | Judge _____ |
| Defendants. | |

Plaintiff Optimally Organic, Inc., ("Optimally Organic") by and through its

counsel, hereby files this Complaint with Jury Demand against Defendants Steve Mason,

Ed Gorski and Live Pine ("Live Pine") and alleges as follows:

#### <u>THE PARTIES</u>

      1.     Plaintiff Optimally Organic is a Wyoming corporation with its principal

place of business in California.

      2.     Upon information and belief, Defendant Steve Mason is an individual

residing in California.

3.      Upon information and belief, Defendant Ed Gorski is an individual

residing in California.

4.      Upon information and belief, Defendant Live Pine is a California business

entity with a principal place of business at 1004 Auburn Dr., Alameda, CA 94502.

## JURISDICTION AND VENUE

5.      Optimally Organic brings this action pursuant to Lanham Trademark Act,

Title 15, United States Code § 1051, *et seq.*, Utah Code §§ 13-11A-3, § 13-5A-102, 103,

70-3a-403 and Utah common law.

6.      This Court has subject matter jurisdiction over this action under 28 U.S.C.

§§ 1331 and 1338 because this action arises under the Constitution, laws, or treaties of

the United States.

7.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367

over claims arising under state law or common law because those claims are so related to

the federal trademark claims that they form part of the same case or controversy.

8.      Upon information and belief, venue is proper in this judicial district

pursuant to 28 U.S.C. §1391 since Defendants conduct continuous and systematic

business directly related to the trademarks at issue in this case.

9.      Upon information and belief, this Court has personal jurisdiction over

Defendants as they have purposefully directed their activities towards the state of Utah.

## GENERAL ALLEGATIONS

## OPTIMALLY ORGANIC'S TRADEMARKS

10.     Optimally Organic is the owner of U.S. Trademark App. No. 86/331,506 for OPTIMALLY ORGANIC for use in connection with "dietary and nutritional supplements."

11.     Optimally Organic has used its OPTIMALLY ORGANIC mark in interstate commerce since at least 2007 and enjoys substantial trademark rights in the mark.

12.     Optimally Organic owns the domain name optimallyorganic.com and directs online traffic from this domain to a website that markets and sells Optimally Organics dietary and nutritional supplements.

13.     Among the products marketed and sold by Plaintiff under the OPTIMALLY ORGANIC mark is red pine needle oil.

14.     Upon information and belief, through Plaintiff's promotion and advertising under its OPTIMALLY ORGANIC mark, the public has come to recognize Plaintiff's goods and services sold and marketed under the OPTIMALLY ORGANIC mark as solely emanating from Plaintiff.

## DEFENDANTS' MISCONDUCT

15.     Upon information and belief, Defendants market and sell red pine oil and are a direct competitor with Optimally Organic.

16.     Upon information and belief, Defendants market and sell its products throughout the United States, including in the forum state.

17.     Upon information and belief, Defendants own and maintain the website

3

located at optimallyorganics.com ("Defendants' Domain").

18.  Upon information and belief, Defendants' website uses OPTIMALLY ORGANIC and/or confusingly similar terms within the hidden code of the website with the intent to influence the results of Internet search engine queries for "OPTIMALLY ORGANIC."

19.  Upon information and belief, Defendants have notice that Plaintiff owns trademark rights in the term OPTIMALLY ORGANIC.

20.  Defendants' website copies portions of Plaintiff's website.

21.  Upon information and belief, Defendants infringe Plaintiff's OPTIMALLY ORGANIC mark through its use of the mark and confusingly similar marks in interstate commerce in connection with dietary and nutritional supplements.

22.  Defendants' actions are likely to cause consumer confusion as to the source of its goods and services and cause a false association between Defendants and Optimally Organic.

23.  Upon information and belief, Defendants' actions have resulted in, and will continue to result in, substantial and irreparable harm to Optimally Organic and to consumers.

24.  Upon information and belief, Defendants intended to, and did, trade on the substantial goodwill associated with Plaintiff's OPTIMALLY ORGANIC mark, and have intentionally misled the public into assuming a connection between Optimally Organic and Defendants.

25.  Upon information and belief, Defendants' actions constitute a knowing and willful false designation of origin of Defendants' goods and services.

26.     Upon information and belief, Defendants' actions have caused, and will continue to cause, irreparable injury to Plaintiff.

## CAUSES OF ACTION

### COUNT I
### Federal Unfair Competition and False Designation of Origin
### 15 U.S.C. § 1125(a)

27.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

28.     Plaintiff owns the OPTIMALLY ORGANIC marks.

29.     Upon information and belief, Plaintiff's OPTIMALLY ORGANIC mark has acquired distinctiveness and secondary meaning in the marketplace.

30.     Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Optimally Organic as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities.

31.     Defendants' conduct constitutes false designation of origin and unfair competition pursuant to 15 U.S.C. §1125(a).

32.     Upon information and belief, Plaintiff has been and will continue to be damaged by Defendants' actions.

33.     Upon information and belief, Plaintiff has suffered actual damages and lost profits caused by Defendants' infringement of the Plaintiff's OPTIMALLY ORGANIC mark, in an amount to be proven at trial.  Additionally, the harm to Plaintiff from Defendants' actions is not fully compensable by money damages.  Plaintiff has suffered and continues to suffer, irreparable harm that has no adequate remedy at law and

that will continue unless the infringement committed by Defendants is permanently enjoined.

34.    On information and belief, Defendants knew of Optimally Organic's trademark rights and willfully infringed the Plaintiff's OPTIMALLY ORGANIC mark and Defendants' actions are willful, intentional, and/or deliberate.

35.    Plaintiff is entitled to injunctive relief and monetary damages against Defendants pursuant to 15 U.S.C. §1117.

36.    Plaintiff is entitled to an award of treble damages pursuant to 15 U.S.C. §1125(a).

37.    Plaintiff is entitled to an award of attorneys' fees pursuant to 15 U.S.C. §1125(a).

## COUNT II
## Cyberpiracy
## 15 U.S.C.  § 1125(d)

38.    Plaintiff realleges and incorporates by reference all the foregoing paragraphs.

39.    Plaintiff owns trademark rights in the OPTIMALLY ORGANIC mark.

40.    Defendants' Domain, optimallyorganics.com, is likely to cause confusion, to cause mistake, or to deceive  in light of Plaintiff's OPTIMALLY ORGANIC mark and is trademark infringement pursuant to 15 U.S.C. §1125.

41.    Upon information and belief, Defendants' infringement of Plaintiff's mark has caused and continues to cause damage and irreparable injury to the value and goodwill of Plaintiff's mark as well as damage and cause irreparable injury to Plaintiff's goodwill, business, and reputation.

6

42.     On information and belief, Defendants' actions are deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's OPTIMALLY ORGANIC mark.

43.     On information and belief, Defendants' use of Defendants' Domain is done with the intent to divert online traffic from Plaintiff, create commercial gain, and/or create a likelihood of confusion as to source, sponsorship, affiliation, or endorsement.

44.     Plaintiff is entitled to injunctive relief under 15 U.S.C. §1125.

45.     Plaintiff is entitled to damages and to recover Defendants' profits, in an amount to be proven at trial, pursuant to 15 U.S.C. §1117(a).

46.     Plaintiff is entitled to recover treble damages pursuant to 15 U.S.C. § 1117(b).

47.     Plaintiff is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. §1117(a).

## COUNT III
## Utah Deceptive Trade Practices
## U.C. A. § 13-11a-3

48.     Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs.

49.     Upon information and belief, Defendants have passed off Defendants' goods and/or services as those of Optimally Organic.

50.     On information and belief, Defendants have knowingly made false representations as to source, sponsorship, approval, or certification of Defendants' goods and/or services by use of Plaintiff's OPTIMALLY ORGANIC mark, and does so having

knowledge that Plaintiff owns the mark.

51.     Defendants' conduct is likely to cause confusion or misunderstanding as to affiliation, connection, or association between Defendants and Optimally Organic.

52.     Defendants' conduct constitutes a violation of the Utah Deceptive Trade Practices Act.

53.     Plaintiff is entitled to recover damages for Defendants' conduct pursuant to U.C.A. § 13-11a-5 (2)(b).

54.     Plaintiff is entitled to recover attorneys' fees pursuant to U.C.A. § 13-11a-5(2)(c).

55.     Plaintiff is entitled to enjoin Defendants from further use of its marks pursuant to U.C.A. § 13-11a-5(2)(a).

## COUNT IV
### Utah Unfair Competition
### U.C.A. § 13-5a-101 et seq.

56.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

57.     Upon information and belief, Defendants have willfully, intentionally, and/or recklessly infringed the Plaintiff's OPTIMALLY ORGANIC mark.

58.     Defendants' infringement of the Plaintiff's OPTIMALLY ORGANIC mark is unlawful.

59.     Upon information and belief, Defendants' infringement of Plaintiff's OPTIMALLY ORGANIC mark leads to a material diminution in value of Plaintiff's marks.

60.     Accordingly, Defendants' actions constitute unfair competition in

violation of the Utah Unfair Competition Act, Utah Code Ann. §13-5a-101 et seq.

61.     Plaintiff has suffered actual damages, including lost profits, as a result of Defendants' unfair business practices in an amount to be proven at trial.  Additionally, the harm to Plaintiff arising from these acts is not fully compensable by money damages. Plaintiff has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the unfair competition committed by Defendants are permanently enjoined.

62.     Plaintiff is entitled to damages in an amount to be proven at trial pursuant to U.C.A. § 13-5a-102.

63.     Plaintiff is entitled to punitive damages in an amount to be proven at trial pursuant to U.C.A. § 13-5a-103.

64.     Plaintiff is entitled to costs and attorneys' fees Pursuant to U.C.A. § 13-5a-103.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in Plaintiff's favor as follows:

A.     That the Court enter judgment declaring that Defendants' actions infringes Plaintiff's trademark rights in violation of the Lanham Act;

B.     That the Court enter judgment declaring that Defendants' actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125;

C.     That the Court enter judgment declaring that Defendants' actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d);

D.      That the Court enter judgment declaring that Defendants' conduct constitutes unfair competition in violation of U.C.A. §13-5A-101 et seq.;

E.      That the Court enter judgment that Defendants are liable for deceptive trade practices under U.C. A. § 13-11A-3;

F.      That the Court preliminarily and permanently enjoin Defendants from using the terms "optimally organic", "optimallyorganics" and any term that is confusingly similar to Plaintiff's OPTIMALLY ORGANIC mark;

G.      That the Court require Defendants to pay monetary damages to Plaintiff in an amount to be proven at trial;

H.      That the Court enjoin Defendants from purchasing OPTIMALLY ORGANIC and any confusingly similar terms as key words in Internet advertising.

I.      That the Court require Defendants to sanitize Defendants' Website, removing any and all infringement of Plaintiff's OPTIMALLY ORGANIC mark from the text and code of the website.

J.      That the Court require Defendants to transfer ownership of optimallyorganics.com to Plaintiff.

K.      That the Court require Defendants to pay prejudgment and post-judgment interest until such awards are paid;

L.      That the Court require Defendants to pay treble damages in an amount to be proven at trial;

M.      That the Court award Optimally Organic punitive damages;

N.      That the Court require Defendants to pay Optimally Organic's costs and attorneys' fees incurred in this action;

O.    That Optimally Organic have such other and further relief as shall seem just and proper to the Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all claims and issues so triable.

DATED:  November 10, 2016                **THORPE NORTH & WESTERN, LLP**

*/Peter M. de Jonge/*
Peter M. de Jonge
Jed H. Hansen

*Attorneys for Plaintiff,*
*Optimally Organic, Inc.*