IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| OPTIMALLY ORGANIC, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STEVE MASON, ED GORSKI, and LIVE PINE,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING APPLICATION FOR ENTRY OF DEFAULT**<br><br>Case No. 2:16-cv-01153-JNP-PMW<br><br>Judge Jill N. Parrish |

On January 1, 2017, Optimally Organic, Inc. attempted to serve defendant Steve Mason by sending a process server to an address for him listed on the registration for web domain name. The process server went to the address and encountered Mason's father, who informed him that his son did not live at the residence. The process server left the summons and complaint with Mason's father. On January 9, 2017, Mason filed a document with this court entitled Notice to Principal. The document contained the summons and complaint, upon which Steve Mason handwrote the text "I DO NOT ACCEPT THIS OFFER TO CONTRACT" and "I DO NOT CONSENT TO THESE PROCEEDINGS" across each page. This document was mailed from an address that was different from the address where Manson's father had been served. Optimally Organic mailed a copy of the summons and the complaint to this new address and the father's address.

On October 23, 2018, this court ruled that Optimally Organic failed to properly serve Mason under either Rule 4(e) of the Federal Rules of Civil Procedure or California Code of Civil Procedure section 415.20(a)–(b). The court further ordered that the time to serve any defendant in this case be extended to January 18, 2019. The court stated that it would dismiss this action without prejudice if no defendant had been properly served by this date.

1

On January 18, 2019, Optimally Organic filed a motion for entry of default against Mason. [Docket 30.] Rather than attempting to properly serve Mason or any of the other defendants, Optimally Organic argued that Mason had already received service under California Code of Civil Procedure sections 415.20(b) and 417.10(d). The court disagrees and DENIES the motion for entry of default.

First, Optimally Organic argues that service was proper under section 415.20(b). This section provides that

> [i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Ordinarily, reasonable diligence requires "two or three attempts at personal service at a proper place" before a plaintiff may effectuate service pursuant to section 415.20(b). *Mentzer v. Vaikutyte*, No. CV 16-1687 DMG (SS), 2018 WL 1684340, at *4 (C.D. Cal. Feb. 26, 2018).

In support of its argument that Optimally Organic exercised reasonable diligence, it states in a conclusory manner: "Plaintiff had made multiple attempts to serve Defendant Mason before effectuating service under California Code, Code of Civil Procedure § 415.20(b) . . . ." But Optimally Organic provides no explanation of what attempts at service had been made, does not assert that they were attempts at personal service, nor does it provide any evidence in the form of an affidavit or other documents. This single vague refence to prior attempts in a brief is not sufficient for this court to make a finding of reasonable diligence.

Moreover, Optimally Organic has not provided any argument or case law supporting the proposition that it served a person apparently in charge of Mason's "usual place of business" by serving an individual found at a residential address listed on the registration for a web domain name.

Second, Optimally Organic asserts that service of process was proper under section 417.10(d), which provides: "Proof that a summons was served on a person within this state shall be made . . . [b]y the written admission of the party." It contends that the fact that Mason filed a copy of the summons and complaint with this court constitutes a written admission that he had been served.

Although Mason's filing is good evidence that he eventually received a copy of the summons and complaint, it is not a written admission that he had been properly served. *Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.*, 15 Cal. Rptr. 2d 585 (Cal. Ct. App. 1993) confirms that a written admission of service is required. In that case, the California Court of Appeals analyzed whether a sister state judgment had been properly served. *Id.* at 590. Under California law, such a judgment must be served by the same methods that apply to a summons and complaint. *Id.* The plaintiff argued that proof of service had been established under section 417.10(d) because the defendant's written filings in the case showed that it knew about the judgment. The California Court of Appeals disagreed, noting that section 417.10(d) "states that the written admission of a party is one of the methods by which *proof of service* of a summons may be made." *Id.* That court ruled that actual knowledge of the judgment was insufficient to show that the defendant had made a written admission that the judgment had been properly served. *Id.* Similarly, Mason's tacit written admission that he obtained a copy of the summons and complaint is not an admission that these documents had been served on him.

In short, because Optimally Organic has failed to prove that it served the summons and complaint on Mason, the court DENIES its motion for entry of default against him. Furthermore, in accord with this court's order that Optimally Organic serve a defendant in this case—which has been pending for over two years—by January 18, 2019, the court dismisses this action without prejudice.

Dated January 23, 2019.

BY THE COURT:

_____
JILL N. PARRISH, Judge
United States District Court